UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FUTURECARE HEALTH AND            :
MANAGEMENT CORPORATION, ET AL.:
                                 :
                                 :
                                 :
                                 :   CIVIL ACTION NO.:
V.                               :   CCB-05-513
                                 :
                                 :
                                 :
CAREFIRST BLUECHOICE, INC., ET AL.:
                                 :
                                 :
                                 :
                                 :
                                 :
                                 :
                                 :
                                 :

## MEMORANDUM

Now pending before the court is a motion to remand this case to state court. The issues have been fully briefed and no hearing is necessary.[1] Local Rule 105.6. For the reasons that follow, the court will grant the plaintiffs' motion to remand and also grant their request for attorney's fees.

## BACKGROUND

On June 1, 2004, several Maryland-based nursing homes affiliated with FutureCare Health and Management Corp.,[2] brought suit in the Circuit Court for Baltimore City against various related health

---

[1] The defendants' motion for leave to file a surreply will be granted.

[2] Hereinafter, "the plaintiffs" or "FutureCare" refers to FutureCare Health and Management Corp., along with: Canton Harbor Healthcare Center, Inc., Bay Manor Nursing Home, Inc., Pineview

insurance companies, including Carefirst Bluechoice, Inc., Group Hospitalization & Medical Services, Inc. (doing business as Carefirst Bluecross Blueshield), and CareFirst Inc. (hereinafter collectively called "CareFirst" or "the defendants"),[3] alleging common law claims of breach of contract, breach of implied contract, and quantum meruit, for the defendants' alleged failure to timely process and pay claims submitted by the nursing homes for services provided to their patients who are enrolled in the defendants' insurance plans.  The plaintiffs brought these claims as assignees of their patients' benefits and rights under the insurance policies.

After an extension of time, the defendants filed an answer to the complaint on November 15, 2004, responding chiefly that the state court lacked jurisdiction over the merits of the complaint because the defendants and plaintiffs were parties to an arbitration agreement governed by the Federal Arbitration Act and the Maryland Uniform Arbitration Act, and because a number of the plaintiffs' residents were covered under the Federal Employees Health Benefits Act ("FEHBA").  On December 20, 2004, the defendants followed their answer with a motion to dismiss for lack of subject matter jurisdiction, also filed in state court, arguing that under *St. Mary's Hosp. v. Carefirst of Maryland, Inc.,* 192 F.Supp. 2d 384, 388 (D.Md. 2002), the plaintiffs' claims were completely preempted by FEHBA.  (*See* Defs.' Mot. to Dismiss at 3-7.)  The defendants explained that some of the plaintiffs' residents are enrollees in a nationwide Service Benefit Plan ("SBP") established pursuant to FEHBA,

---

Extended Care Centre, Inc., Charles Street Health Care, LLC, FutureCare-Old Court, Inc., and Cherrywood Limited Partnership, Sandtown-Winchester Nursing Home, LLC.

[3]Two other defendants, Blue Cross of Northeastern Pennsylvania and BlueCross BlueShield of Michigan, are not affiliated with the other CareFirst defendants and are not participating in the motions currently pending before the court.  Apparently they have not been served in this case.  *See* Notice of Removal at 4-5.

which authorizes the federal Office of Personnel Management ("OPM") to contract with insurers to provide benefits for federal employees. The FEHBA requires the OPM to issue a Statement of Benefits to all enrollees setting forth the allowable benefits, the procedure for obtaining benefits, and the principal provisions of the plan. *See* 5 U.S.C. § 8907(b). The defendants emphasized that FutureCare's contracts with CareFirst specifically contemplate providing services and submitting billing documentation according to the terms of the residents' FEHBA plans. (*See* Mot. to Dismiss, Ex. 1, CareFirst BlueChoice and FutureCare master agreement.) OPM established a mandatory adminstrative remedy for disputing denial of claims under the SBP. *See* 5 C.F.R. § 890.105. Under these regulations, a covered individual must first exhaust the insurance carrier's internal claims procedures before asking OPM to review the claim. An individual must exhaust both the carrier's and the OPM's administrative review processes before seeking judicial review of the denied claim. *Id.* Additionally, the regulations specify that an individual contesting the denial of benefits must bring suit against the OPM, and not the insurance carrier or its subcontractors. 5 C.F.R. § 890.107. In their motion to dismiss, the defendants discussed the *St. Mary's* case in detail, explaining that the court found that the FEHBA and the OPM regulations manifest Congress's intent that FEHBA completely preempt state law claims regarding the provision of benefits under FEHBA plans.

On January 19, 2005, the plaintiffs filed an opposition to the defendants' motion to dismiss and an amended complaint.[4] The amended complaint, while identical to the original complaint in other respects, added a claim of negligence which specifically charged the defendants with failing to properly

---

[4] The defendants received the amended complaint on January 21, 2005.

3

process claims for federally insured residents as they were required to do pursuant to their contract with the federal government. On February 22, 2005, the defendants removed the case to this court, on the grounds that because the negligence claim is explicitly premised on the defendants' alleged failure to administer health insurance benefits to federal employees pursuant to the FEHBA, a federal question is clearly presented for the first time, and therefore the entire action is removable to federal court. The plaintiffs have responded with a motion to remand, arguing that the defendants' notice of removal was untimely because 28 U.S.C. § 1446(b) requires that such notice be filed within thirty days of receipt of an initial pleading setting forth the cause of action or "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The plaintiffs contend that defendants had notice of the potential federal claims from the first complaint, as evidenced by the defendants' answer and motion to dismiss filings, which argued primarily that all of the plaintiffs' claims were completely preempted by FEHBA. Therefore, the plaintiffs claim, the defendants' assertion that the addition of the negligence claim substantially altered the nature of the action and implicated federal law for the first time is untenable.

## ANALYSIS

The issue before the court is whether the federal nature of the plaintiffs' claims was apparent from the initial complaint, in which case the defendants' notice of removal was untimely, or whether the question of federal law was not apparent until the amended complaint, in which case the removal was effected in a timely manner. Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant" to district court. 28 U.S.C. §1441. Federal courts have original jurisdiction over a "federal question" case, that is, "a case arising under the Constitution, laws, or treaties of the United States.'" *Metropolitan Life Ins. Co. v. General Motors Corp.,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546 (1987) (quoting 28 U.S.C. § 1331). A notice of removal must be filed within thirty days of the initial pleading setting forth the cause of action, or within thirty days of receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). A court may "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Lovern v. General Motors Corp.,* 121 F.3d 160,162 (4th Cir. 1997). Under 28 U.S.C. § 1447(c), a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." In keeping with federalism concerns, courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Roche v. Lincoln Prop. Co.,* 373 F.3d 610, 615 (4th Cir. 2004) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S.Ct. 868 (1941) and *Dixon v. Coburg Dairy,* 369 F.3d 811 (4th Cir. 2004)).

Under the "well-pleaded complaint rule," courts "ordinarily ... look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Pinney v. Nokia, Inc.,* 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Custer v. Sweeney,* 89 F.3d 1156, 1165 (4th Cir. 1996)). Generally, a case may not be removed to federal court on the basis of a federal defense such as preemption, even if

"the defense is the only question truly at issue in the case." *Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 14, 103 S.Ct. 2841, 2848 (1983).

An exception to the well-pleaded complaint rule exists with a narrow class of claims that Congress has determined completely preempt state law. Under the doctrine of complete preemption, a federal law may contain such strong preemptive force that "it converts an ordinary state common-law complaint into one stating a federal claim..." *Caterpillar Inc., et al. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) (quoting *Metropolitan Life Ins. Co.,* 481 U.S. at 65). In these circumstances, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (citing *Franchise Tax Board of California,* 463 U.S. at 24). Accordingly, complaints that contain state law claims which are completely preempted by federal law may properly be removed to federal court. In order to find that a federal statute completely preempts state law, two requirements must be satisfied: "(1) the statute must contain civil enforcement provisions that encompass the allegations in the case, and (2) Congress must have clearly manifested an intent to preempt the field." *St. Mary's Hospital,* 192 F.Supp.2d at 387 (citing *Metropolitan Life Ins. Co.,* 481 U.S. at 65-66.)

Several district courts in this circuit have concluded that FEHBA preempts state law claims that implicate the nature and extent of coverage and benefits under FEHBA plans. *See St. Mary's Hospital,* 192 F.Supp. 2d at 388-90 (finding breach of contract, relief from forfeiture and quantum meruit claims completely preempted); *Kight v. Kaiser Fdn. Health Plan of the Mid-Atlantic States,* 34 F.Supp. 2d 334, 340 (E.D.Va. 1999) (finding that removal jurisdiction existed over fraud and negligence claims under both complete preemption and federal common law); *Zukor v. INOVA Health*

*Servs.,* No. CA-99-01909-A (E.D.Va. February 23, 2000) (finding direct liability state law claims were completely preempted ); *Farrow v. Kaiser Fdn. Health Plan of the Mid-Atlantic States, Inc.*, No. 00-24-A (E.D.Va. February 25, 2000) (finding negligence claim preempted by FEHBA). These cases are consistent with the Fourth Circuit's holding in *Caudill v. Blue Cross and Blue Shield of North Carolina,* 999 F.2d 74, 77 (4th Cir. 1993) that a state law claim for a breach of an insurance contract which covered a federal employee was preempted under the theory that "federal common law" related to FEHBA entirely displaces state law. *Id.* (citing *Boyle v. United Tech. Corp.,* 487 U.S. 500, 504, 108 S.Ct. 2510, 2514 (1988)). In *Caudill,* while the Fourth Circuit did not reach the question of whether FEHBA completely preempts state law,[5] the court reasoned that:

> the very application of state contract law would undermine the uniformity envisioned by Congress when it delegated the authority to interpret health benefit contracts to OPM. Application of fifty different state contract laws to FEHBA claims would entirely defeat the purpose of OPM review. In the area of federal employee health benefits, federal common law entirely replaces state contract law. Therefore, federal jurisdiction existed over this claim and removal was proper.

999 F.2d at 79. Given this Fourth Circuit analysis, and the recent *St. Mary's* decision in this district interpreting the effect of the 1998 amendment to the preemption provision of FEHBA, it is apparent that the defendants had sufficient notice that the state contract law claims in the plaintiff's initial complaint were removable to federal court.

---

[5] After *Caudill*, Congress amended the FEHBA preemption provision in 1998 in a way that has been interpreted by several district courts to effect complete preemption of state law claims related to the nature and extent of coverage under FEHBA plans. *See, e.g., St. Mary's,* 192 F.Supp.2d at 388; *Kight,* 34 F.Supp.2d at 339; *Rievely v. Blue Cross Blue Shield of Tenn., Inc.,* 69 F.Supp.2d 1028, 1033-34 (E.D. Tenn. 1999).

This is particularly true because the defendants relied so heavily on the *St. Mary's* decision to argue in support of their motion to dismiss that the plaintiff's claims were completely preempted by FEHBA. As the defendants repeatedly emphasize, this case is similar to *St. Mary's* in that it involves common law contract claims related to the provision of benefits under a FEHBA plan. Indeed, the defendants in this case were also the defendants in the *St. Mary's* case, where the court held that their removal of breach of contract, relief from forfeiture, and quantum meruit state common law claims to federal court was proper. *See also Kight,* 34 F.Supp. 2d at 341 (upholding the defendant's removal of state law claims on the ground that they were preempted by FEHBA); *Zukor,* Mem. at 18 (same); *Farrow,* Mem. at 8 (same). Likewise, the court disagrees with the defendants' assertion that the addition of the negligence claim "substantially altered" the nature of the action in such a way as to implicate FEHBA for the first time and make the entire action removable. As the *Kight* court observed, "[w]hether the action is based in contract, negligence, or fraud, the federal government's interest is the same: providing health care coverage for federal employees." 34 F.Supp.2d at 341.

Finally, the court finds that it would be fair and equitable to grant the plaintiffs' request for costs and fees incurred as a result of the defendants' untimely removal of this case to federal court. Section § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Ultimately the decision to grant or deny costs and fees rests within the district court's discretion. *See In re Lowe,* 102 F.3d 731, 733 n.2 (4th Cir. 1996). A finding of bad faith is not a prerequisite to an award of attorney's fees under § 1447(c). *Id.* While the defendants in this case do not appear to have

8

acted in bad faith, the federal nature of the plaintiffs' claims was ascertainable from the initial pleading, and the defendants themselves argued early on that the plaintiffs' claims were completely preempted by FEHBA.  Therefore, the court finds as a matter of fairness that the plaintiffs are entitled to recover costs, including attorney's fees, incurred as a result of the untimely removal.

## **CONCLUSION**

In sum, the court finds it was apparent on the face of the plaintiffs' initial complaint that their claims could be said to arise under federal law by virtue of the complete preemption doctrine.  This conclusion is supported by the defendants' own filings, which focus on case law from this district court and others holding that common law claims, including contract and negligence, are completely preempted by FEHBA.  Therefore, the defendants' notice of removal, filed several months after the initial complaint, is untimely.  The plaintiffs' motion to remand this case to state court will be granted. Additionally, the plaintiffs' request for attorney's fees and costs incurred as a result of removal will be granted pursuant to 28 U.S.C. § 1447(c).

A separate order follows.

   May 31, 2005                                                       /s/
Date                                                               Catherine C. Blake
                                                                    United States District Judge